**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ADRIENE CORBIN                                                                                              PLAINTIFF

vs.                                        CASE NO. 2:08CV00006 JLH

ARKANSAS BEST CORPORATION, *et al.*                                                   DEFENDANTS

**OPINION AND ORDER**

Adriene Corbin commenced this action in the Circuit Court of Phillips County, Arkansas. The defendants removed the action to federal court, contending that the cause of action is governed exclusively by the Carmack Amendment to the Interstate Commerce Commission Act, 49 U.S.C. § 14706. Arkansas Best Corporation subsequently filed a motion to dismiss pursuant to Rule 12(b)(6). Corbin has moved to remand and responded to Arkansas Best's motion to dismiss.

**I.**

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987); *M. Nahas & Co., Inc. v. First Nat. Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991). If diversity of citizenship does not exist, then federal question jurisdiction typically requires that the federal question be presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429. However, there is an exception to the well-pleaded complaint rule. *Woods v. Unigroup, Inc.*, 945 F. Supp. 1255, 1255 (E.D. Mo. 1996). "Under the 'complete preemption' doctrine, there are times when a federal statute so completely preempts a particular area of law that 'any civil complaint raising this select group of claims is necessarily federal.'" *Id.* (quoting *M. Nahas & Co.*, 930 F.2d at 612).

The issue in this case is whether federal law, specifically the Carmack Amendment, preempts

Corbin's claim for negligence under Arkansas law.  The Supreme Court has long held that the Carmack Amendment preempts state law negligence claims.  *Adams Express v. Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 152, 57 L. Ed. 314 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.").  The Eighth Circuit observed that the Carmack Amendment "has preempted suits in specific negligence by holders of hills of lading against their carriers."  *Fulton v. Chicago, Rock Island & Pac. R.R. Co.*, 481 F.2d 326, 331 (8th Cir. 1973).  "'The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs.'" *Id.* at 332 (quoting *Am. Synthetic Rubber Corp. v. Louisville & N. R. R. Co.*, 422 F.2d 462, 468 (6th Cir. 1970)).  A prima facie case under the Carmack Amendment exists when a plaintiff shows that: (1) deliver of the shipment to the carrier was in good condition, (2) arrival of the shipment was in damaged condition, and (3) the amount of damages.  *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S. Ct. 1142, 1144, 12 L. Ed. 2d 194 (1964).

In her complaint, Corbin alleges that she entered into a contract with ABF Freight and Arkansas Best Corporation to move her furniture and household goods from California to Arkansas. She further alleges that the defendants moved her belongings negligently resulting in damage to her property.  Because Corbin's state law claims are based on the negligent acts of ABF Freight and Arkansas Best, they are completely preempted by the Carmack Amendment.  *See Fulton*, 481 F.2d at 331-32; *Midamerican Energy Co. v. Start Enters., Inc.*, 437 F. Supp. 2d 969, 971-72 (S.D. Iowa 2006); *Woods*, 945 F. Supp. at 1256.  The claim was properly removed for this Court's exercise of federal question jurisdiction.

## II.

Arkansas Best Corporation has also moved for a dismissal for failure to state a claim pursuant to Rule 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Specific facts are not required; the complaint simply must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-66, 165 L. Ed. 2d 929 (2007) (internal quotation marks omitted)). However, the complaint must include enough factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1964-65 & n.3; *Schaff v. Residential Funding Corp.*, __ F.3d __, No. 06-3694, 2008 WL 465481, at *3 (8th Cir. Feb. 22, 2008). "A judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200; *see also Twombly*, 127 S. Ct. at 1964; *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 n.1, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974).

Arkansas Best contends that Corbin's complaint fails to state a claim because it "provides no facts involving ABC" and does not indicate "any legal relationship or privity between" Corbin and Arkansas Best. Arkansas Best also contends that Arkansas Best is not a "carrier" under the Carmack Amendment and is therefore not liable. From the face of the complaint, it is clear that Corbin has alleged that she contracted with both Arkansas Best and ABF Freight. She likewise alleges negligence on the part of both defendants. Viewing those allegations favorably to Corbin,

she has provided a factual basis for her claims against Arkansas Best.

The Carmack Amendment provides:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it received for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .  Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1).  A "carrier," specifically a "motor carrier" in this case, is someone who provides commercial motor vehicle transportation for compensation.  49 U.S.C. § 13102(14). "Transportation" is defined broadly to include "services related to [the] movement [of passengers or property], including arranging for, receipt, delivery, elevation, transfer in transit . . . handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23)(B).  Thus, liability under the Carmack Amendment "extends beyond the carrier who actually provides the transportation." *Land O'Lakes v. Superior Service Transp. of Wisc.*, 500 F. Supp. 2d 1150, 1155 (E.D. Wis. 2007); *see, e.g., Mach Mold Inc. v. Clover Assocs., Inc.*, 383 F. Supp. 2d 1015, 1030 (N.D. Ill. 2005) (Accordingly, if [the defendant] had been authorized to transport the machine amd accepted and legally bound itself to do so . . . [the defendant] would be acting as a motor carrier . . . .").  Therefore, Arkansas Best could be a "carrier" under the Carmack Amendment.

Even if Arkansas Best were not considered a "carrier" under the Carmack Amendment, Corbin's claim against it should not be dismissed.  Under the Carmack Amendment, only carriers and freight forwarders, not brokers, are held liable.  *Chubb Group of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1069 (C.D. Cal. 2002).  However, brokers may be held liable under state tort

or contract law in connection with shipments they have brokered.  *Id.*; *see also Electroplated Metal Solutions, Inc., v. Am. Servs., Inc.*, No. 07-C-409, 2008 WL 345617, at *2 (N.D. Ill Feb. 7, 2008). Since Corbin has stated sufficient facts for a claim against Arkansas Best even if Arkansas Best is not a carrier, Arkansas Best should not be dismissed.

## CONCLUSION

Because Corbin's state law negligence claims are preempted by the Carmack Amendment, Arkansas Best and ABF Freight properly removed this action to federal court.  Corbin's motion to remand is therefore denied.  Document #7.  Corbin has alleged facts sufficient to state a claim against Arkansas Best.  Arkansas Best's motion to dismiss is denied.  Document #3.

IT IS SO ORDERED this 4th day of March, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE