## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ADRIENE CORBIN                                                                    PLAINTIFF

v.                                                NO. 2:08CV00006 JLH

ARKANSAS BEST CORPORATION, *et al.*                                DEFENDANTS

## <u>OPINION AND ORDER</u>

Adriene Corbin brought this action against Arkansas Best Corporation and ABF Freight System alleging that her furniture and household goods were damaged when ABF Freight System transported them from Valencia, California to West Helena, Arkansas. Corbin's claims against ABF are governed by the Carmack Amendment to the Interstate Commerce Commission Act, 49 U.S.C. § 14706. Arkansas Best and ABF Freight System have moved for summary judgment, and Corbin has responded to their motions. Corbin has also moved for a jury trial. For the following reasons, Arkansas Best's motion for summary judgment is granted and ABF Freight System's motion for summary judgment is denied. Corbin's motion for a jury trial is denied.

## I.

Corbin contracted with ABF to transport her furniture and household goods from Valencia, California to West Helena, Arkansas. Corbin says that the names of both Arkansas Best Corporation and ABF Freight System were on the website through which she first contacted ABF, but the documents do not show that Arkansas Best Corporation was a party to the contract. According to the defendants, Arkansas Best Corporation is not a carrier but is a holding company, and ABF Freight System is its principal subsidiary.

Corbin was responsible for loading the trailer, and she arranged to have her furniture and household goods packed and loaded on the trailer on June 27, 2006. She packed her house first and

put the bulkhead in the trailer at that time.  She later decided she would need the rest of the trailer to pack furniture from a townhouse and so she packed that furniture as well.  She says that the bulkhead was not removed from its original position.  She says she used locked tie-downs and wrapped that furniture in plastic and padding in order to stabilize the furniture and protect it.  She says that, once the trailer was loaded, she locked the trailer and kept the lock.  She says that no one could have entered the trailer after she locked it.  Rochelle Johnson executed an affidavit saying that she was with Corbin when the furniture was packed and that "[t]he items loaded on the truck were packed securely and were tied down inside the trailer.  None of the items had any sign of damage at that time."  ABF picked up the trailer from Corbin, at which time she says she took her lock off and the driver placed the ABF lock on the trailer.  According to Corbin, the driver did not go onto the trailer at the point of pick up in California.

The trailer arrived in West Helena, Arkansas, on July 7, 2006, and Corbin received and signed for the trailer that day.  She did not indicate on the receipt that there were any problems.  Corbin says that the driver required her to sign the delivery receipt but that he refused to give her the opportunity to unload the trailer and inspect her things before she signed.  As Corbin unpacked the trailer, she observed damage to her possessions.  Rochelle Johnson observed that items had been moved around and that the ties had been unlocked and were hanging loose or on the floor of the trailer. Johnson also observed damage to property as she began to unload the trailer.  Keisha Grigsby also executed an affidavit stating that the items in the trailer appeared to have been moved around and that there was damage to Corbin's property.  Corbin observed that two ABF stickers had been placed on her items – one on a packing box and one on a headboard.  She says that the two ABF stickers could have been placed where they were only if someone from ABF had entered the trailer

2

and went at least a third of the way into it.  While Corbin did not mention any damage when she signed the delivery receipt, she called Cargo Claims & Prevention at ABF later that day, and she filed a loss and damage claim with ABF for $19,304 related to the damage to her furniture and household goods on July 10, 2006.  ABF denied the claim in its entirety on August 15, 2006.

According to ABF, the denial of the claim for damages was based on two paragraphs of Corbin's contract:

> 2. PACKING, LOADING, AND UNLOADING: Customer is responsible for all packing of goods for transit, including loading and unloading.  It is the sole responsibility of Customer to pack all personal effects using proper containers and protective padding supplied by the customer.  Customer is responsible for installing the bulkhead, an ABF-supplied wall that acts as a separator between Customer's goods and other cargo on trailer.  The bulkhead is not designed to withstand the entire weight of your belongings if the load shifts in transit.
>
> * * *
>
> 4. LIMITED CARGO LIABILITY: In exchange for ABF's lower rates, Customer agrees that ABF's liability is limited to $0.10 per pound per piece.  Additional coverage is available and can be purchased at a higher price by contacting ABF prior to your move.  Since the customer is responsible for the loading and unloading of the goods, the liability coverage only applies to the extent of ABF negligence.  Negligence is defined as any act or default of the Carrier.  The standard coverage, or any additional coverage purchased is liability coverage for carrier negligence, not insurance for your goods. . . .  ABF does not provide insurance for your goods.  ABF assumes the liability of a common carrier, subject to the provisions of 49 U.S.C. 14706.

Mike Crowell, a terminal manager with ABF Freight System in Memphis, Tennessee, executed an affidavit regarding Corbin's shipment and ABF's practices.  He says that ABF provides an empty trailer to customers under its U-Pack Moving Program, and the customers are then responsible for making sure the goods are packed and loaded properly in the trailer to protect them from damage.  He also says that improperly packaged or loosely loaded goods are susceptible to damage due to forces created when the trailer travels down the road, and that those forces are most extreme at the rear of the trailer above the axle.  According to Crowell, loosely loaded articles typically shift during

transit, especially when they are at the rear of the trailer, which results in those articles appearing in disarray even if they were originally neatly packed.  Crowell also says that ABF label stickers are applied by the ABF driver at the customer location.  Finally, he says that Corbin's shipment traveled from pickup to delivery on trailer number 82606, that no other freight was placed on the trailer, and that the goods were not handled by ABF personnel.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting FED. R. CIV. P. 56(e)) (emphasis in original).  A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## III.

It is undisputed that Arkansas Best Corporation is not a carrier or a freight forwarder, and only carriers and freight forwarders are liable under the Carmack Amendment.  *See* 49 U.S.C. § 14706(a)(1); *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068-69

4

(C.D. Cal. 2002).  However, brokers may be held liable under state tort or contract law in connection with shipments they have brokered.  *Chubb Group*, 243 F. Supp. 2d at 1069.  A broker is

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).  Corbin has not presented any evidence showing that Arkansas Best Corporation is a broker or that it was involved in the contract or the shipping of her furniture and household goods.  The contract and all of the documents associated with this transaction identify ABF Freight System as the carrier but never mention Arkansas Best Corporation.  There is no evidence that Arkansas Best Corporation was a party to this transaction in any way.  Arkansas Best Corporation cannot be held liable under the Carmack Amendment or state tort or contract law and is therefore entitled to summary judgment and dismissed from this case.

## IV.

ABF Freight System is a carrier and can be held liable under the Carmack Amendment.  A person shipping goods establishes a prima facie case against a carrier when he shows "delivery [to the carrier] in good condition, arrival in damaged condition, and the amount of damages.'"  *Kaiser Aluminum & Chem. Corp. v. Illinois Cent. Gulf R. Co.*, 615 F.2d 470, 474 (8th Cir. 1980) (quoting *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142, 1145, 12 L. Ed. 2d 194 (1964)).  Once the plaintiff makes a prima facie showing, the burden shifts to the carrier to show that it was free from negligence and that the damage was due to "'(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) the public authority; (e) or the inherent vice or nature of the goods.'"  *Id.* (quoting *Missouri Pacific*, 377 U.S. at 137-38, 84 S. Ct. 1144-45).

Viewing the evidence in a light most favorable to Corbin, she has made a showing for a prima facie case. According to the affidavits of Corbin and Johnson, the goods to be shipped were in good condition when the trailer was packed and locked. There is no evidence from ABF Freight System that the driver noticed the goods in the trailer were not in good condition. The affidavits of Corbin, Johnson, and Grigsby attest to the fact that the goods were damaged upon arrival in West Helena, Arkansas. Nothing in Mike Crowell's affidavit disputes that the goods arrived in West Helena damaged. Corbin has also stated an amount of damages.

The burden then shifts to ABF Freight System to show the damage was caused by one of the other excepted causes relieving them of liability. Through Mike Crowell's affidavit, ABF has presented evidence that Corbin could have been at fault for damage to the goods because of the way the goods were packed. However, the affidavits saying that the items were packed well and that, upon arrival in West Helena, it appeared that someone had tampered with them during shipping create a genuine issue of material fact exists as to how the goods were damaged. ABF Freight System is not entitled to summary judgment.

## V.

Corbin has also moved for a jury trial. Rule 38(b) of the Federal Rules of Civil Procedure provides:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand–which may be included in a pleading–no later than 10 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b). Under the Federal Rules, a party waives its right to a jury trial unless a demand is properly served and filed. FED. R. CIV. P. 38(d). The defendants point out that Corbin did not serve the defendants with a written demand for a jury trial within ten days of filing either her

Complaint or her First Amended Complaint.  However, Corbin argues that, because she requested a jury trial on the cover sheet of her complaint filed in Phillips County Circuit Court, she has made a demand.  She bases her argument on Federal Rule of Civil Procedure 81(c), which states that a "party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."  FED. R. CIV. P. 81(c).  The defendants argue that Corbin's statement on the cover sheet is not a jury demand under the Arkansas or Federal Rules of Civil Procedure.  The Arkansas Rules of Civil Procedure provide that any party may demand a jury trial by "filing with the clerk a demand therefor in writing at any time after the commencement of the action and not later than 20 days prior to the trial date.  Such demand may be indorsed upon a pleading of the party."  ARK. R. CIV. P. 38(a).  The Arkansas Rules also provide that failure to file a demand as required by Rule 38(a) constitutes a waiver by him of trial by jury.  ARK. R. CIV. P. 38(c).  The defendants say that the cover sheet was not part of the record, not served upon the defendant, and was presented to the clerk at the same time the action was commenced, not after the commencement of the action.  The Circuit Courts of Arkansas use civil cover sheets by virtue of the Supreme Court of Arkansas's Administrative Order No. 8, which provides that the forms "shall be used in assigning and allocating cases and to collect statistical data" but that they "shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or the rules of this Court."  ARK. SUP. CT. ADMIN. ORDER 8 (2002), *available* at http://courts.state.ar.us/rules/admin_orders_sc/index.cfm. Based on Administrative Order No. 8, checking the box for a jury trial on the civil cover sheet does not constitute a demand for a jury trial pursuant to Rule 38 of the Arkansas Rules of Civil Procedure because the civil cover sheet does not replace or supplement the filing and service of pleadings and

other papers.  Corbin's request for a jury trial did not comply with the Arkansas Rules of Civil Procedure, which means that she did not make a demand for a jury trial "in accordance with state law" before removal.  Corbin has therefore waived her right to a jury trial.

Even though Corbin has not made a timely demand, the court may, in its discretion, "order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b).  The Eighth Circuit has said that a district court's discretion under Rule 39(b) is broad and that courts "ought to approach each application with an open mind," based on the circuit's view that "jury trials ought to be liberally granted when no prejudice results." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980).  Although the Eighth Circuit has not established a particular standard to apply to Rule 39(b), courts have generally looked at the totality of the circumstances and considered these factors in particular: whether the issues to be tried are best tried to a jury; whether granting the motion would disrupt the court's schedule or that of the adverse party; the degree of prejudice to the adverse party; the length of the delay in having requested a jury trial; and the reason for the movant's tardiness in requesting a jury trial.  *Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1324 (S.D. Iowa 2002).  In this case, the factors weigh in favor of granting Corbin a jury trial.  First, the issues to be tried under the Carmack Amendment are fact-intensive questions with respect to which party was responsible for the damage to Corbin's shipped goods.  Second, whether this trial is conducted in front of a jury or the bench will not effect the Court's schedule.  Third, the defendants have made no claim of prejudice if this matter is tried to a jury.  Although there was about a six-month delay from the filing of the amended complaint until the motion for a trial by jury and Corbin has not provided and excuse for the delay, this Court believes that a party's right to a jury

8

trial outweighs those factors.  Therefore, the circumstances of this case warrant the exercise of this Court's discretion under Rule 39(b) to grant Corbin a jury trial.

## CONCLUSION

There is no evidence that Arkansas Best Corporation was a party to this transaction in any way, so the motion for summary judgment is granted as to Arkansas Best Corporation.  Arkansas Best Corporation is hereby dismissed from this action.  Corbin has raised genuine issues of material fact with respect to her claims against ABF Freight System, so the motion for summary judgment is denied as to ABF Freight System.  Document #29.  Corbin's motion for jury trial was untimely; however, this Court will exercise its discretion under Federal Rule of Civil Procedure 39(b) and allow Corbin a jury trial.  Document #34.

IT IS SO ORDERED this 16th day of March, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE